UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:21-CV-00031-JHM

DANNY DANIELS                                                  PLAINTIFF

V.

CRETE CARRIER CORPORATION, et. al                      DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's (James Crean)'s Motion to Dismiss [DN 34]. Fully briefed, this matter is ripe for decision. For the following reasons, the Defendant's motion is DENIED.

### I. BACKGROUND

On January 6, 2021, Plaintiff Danny Daniels filed a civil action for tortious injury stemming from an automobile accident against Defendants Crete Carrier Corporation and James Crean in Webster Circuit Court. [DN 34 at 2]. A state court summons to Defendant Crean was issued to the Kentucky Secretary of State by the Webster Circuit Clerk. [DN 36]. The Secretary of State attempted service upon Defendant Crean at his last known address in Florida, but it was unable to effectuate serve. *Id.* Defendant's answer to the Complaint asserted insufficiency of service of process as an affirmative defense. [DN 34 at 2]. On March 25, 2021, Defendants removed the action to this Court. *Id.* In May 2021, Plaintiff moved for the appointment of a Warning Order Attorney under Kentucky Rule of Civil Procedure 4.07 to attempt to adequately serve Defendant. [DN 8]. Plaintiff stated that counsel for Defendant Crean refused to waive service of process. *Id.* The Warning Order Attorney sent, by certified mail, a copy of the summons and the Complaint to Defendant Crean at his last known address but received the letter

1

back with a "return to sender" label. [DN 11]. Accordingly, on June 17, 2021, the Warning Order Attorney filed a report with the Court stating that he was unable to inform the Defendant about the suit against him and withdrew from the case. *Id.*

Both parties filed their initial disclosures for discovery on August 31, 2021. [DN 20]. In December, Defendant Crean's new counsel responded to Plaintiff's Motion for Leave to Amend the Complaint. [DN 26]. Additionally, both parties jointly agreed to a scheduling order for discovery deadlines on March 29, 2022. [DN 30]. Defendant filed this motion to dismiss shortly thereafter, arguing that Defendant Crean still had not been properly served and that Plaintiff's time for service had expired under Fed. R. Civ. P. 4(m).

## II. Discussion

A plaintiff must serve the defendant with a summons and copy of the complaint within 90 days following the filing of the complaint. Fed. R. Civ. P. 4(m). If a plaintiff fails to properly serve within this time, the Court "must dismiss the action without prejudice" unless the plaintiff "shows good cause for the failure …" *Id.* If the plaintiff shows good cause, the court "must extend the time for service for an appropriate period." *Id.* It is Plaintiff's burden to establish good cause as the party opposing the motion to dismiss. Plaintiff must show why service was not made within the proper time constraints. *See Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006).

The Plaintiff first argues that service has been made upon the Defendant Crean. However, the Court disagrees. The Kentucky Secretary of State failed to accomplish service. The Warning Order Attorney, at best, only constitutes constructive service, not personal service. Thus, Rule 4 gives the Court two options if service is not made within 90 days: either dismiss the action without prejudice or under its discretion order that service be made within a specific time.

Fed. R. Civ. P. 4(m). However, if the plaintiff shows "good cause" for failing to timely serve, the Rule removes the Court's discretion and requires the Court to extend the time to effect service for "an appropriate period." *Id.* Although Rule 4(m) does not define "good cause," the Sixth Circuit has required at least "excusable neglect" to make such a showing. *See Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005). "Neglect exists where the failure to do something occurred because of a simple, faultless omission to act, or because of a party's carelessness." *Id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993)). "[W]hether a case of neglect was excusable is at bottom an equitable one, taking account of all relevant circumstances" surrounding the party's failure to act. *Id.* Relevant considerations include "the danger of prejudice to the [non-moving party], the length of delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* (quoting *Pioneer Inv. Servs.*, 507 U.S. at 395).

   The Court concludes that Plaintiff has shown good cause for failing to timely serve Defendant Crean in this case. The danger of prejudice to Plaintiff is appreciable here, as his lawsuit entails serious physical injuries and this procedural delay has already dragged on for over a year. Plaintiff provided evidence that he attempted to serve Defendant Crean in a timely fashion through a variety of methods but has been unable to locate his accurate address in Florida, which is the reason for this delay. Defendant Crean also has actual notice of this lawsuit, as evidenced by his beginning the discovery process and filing this motion to dismiss through counsel. Defendant Crean is particularly had to serve given his occupation as a long haul truck driver.

Even if Plaintiff failed to show good cause for failing to timely serve Defendant Crean, the Court may stiill use its discretion under the federal rules to grant an extension. In determining whether to exercise discretion and extend the service-of-process deadline, courts consider the following factors:

> (1) whether a significant extension of time is required; (2) whether an extension of time would prejudice the defendant other than the inherent prejudice of having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether a dismissal without prejudice would substantially prejudice the plaintiff … and (5) whether the plaintiff had made any good faith efforts at affecting proper service of process.

*Blair v. Johnson & Johnson*, No. 3:19-CV-333-DJH, 2020 WL 1172715, at *3 (W.D. Ky. Mar. 11, 2020) (citing cases).

Each of these factors weigh in favor of granting an extension of time to serve process. The Court concludes that an extension of time is required to serve Defendant Crean. Such an extension would not prejudice Defendant Crean other than the inherent burden of defending the suit, which he has already taken steps to do. *See* DN 20; DN 30. As discussed above, Plaintiff made good faith efforts to attempt to effectuate service, first through the state court and then through the Warning Order Attorney, and Defendant Crean had actual notice of lawsuit as demonstrated by his filing of this motion to dismiss, among other filings. *See id.*; DN 26.

Due to the Court's conclusion that good cause exists in this case under Rule 4(m) and that an extension of time is warranted in any event, Plaintiff is allowed an additional 120 days to effectively serve process on Defendant Crean.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant James Crean's Motion to Dismiss [DN 34] is **DENIED**. Plaintiff has **120 days** from the date of entry of this order to serve Defendant Crean.

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

June 2, 2022

cc: Counsel of Record